Submitted on record and briefs July 23, reversed and remanded for further proceedings September 12, reconsideration denied October 31, petition for review allowed December 4, 1990 (310 Or 791)
See later issue Oregon Reports

Murphy L. CLARK,
*Respondent,*

*v.*

JACKSON COUNTY,
Darrell Stanley and Eugene Stanley,
*Petitioners.*

(LUBA 90-004; CA A65380)

797 P2d 1061

Arminda J. Brown, Jackson County Counsel, Medford, filed the brief for petitioner Jackson County.

Daniel C. Thorndike and Blackhurst, Hornecker, Hassen & Thorndike and Ervin B. Hogan, Medford, filed the brief for petitioners Darrell Stanley and Eugene Stanley.

Murphy L. Clark, Eagle Point, filed the brief *pro se* for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Jackson County and petitioners Stanley (petitioners) seek review of LUBA's remand of the county's conditional use permit that allows petitioners to conduct surface shale mining operations on a 40-acre part of their property in an exclusive farm use zone. The 40 acres are included in a 400-acre fenced area that petitioners own and that has been used for livestock grazing. Section 218.060(1)(D) of the county's zoning ordinance provides that conditional use permits for mining operations in EFU zones are allowable, *inter alia,* if the use is

"situated upon generally unsuitable land for the production of farm crops and livestock, considering the terrain, adverse soil or land conditions, drainage and flooding, vegetation, location, and size of tract."

In an earlier appeal, LUBA remanded the county's approval of the permit on the ground that the county's findings did not demonstrate that the 40-acre area was generally unsuitable for farm use. On remand, the county made further findings and conclusions and again granted the permit. Respondent then brought a second appeal to LUBA, which concluded:

"The county's findings and the evidence in the record are sufficient to demonstrate that the 40 acres, viewed by themselves, are generally unsuitable for grazing purposes. * * * If the 40 acres were not part of a much larger area used for seasonal grazing, we would sustain the county's finding that the 40 acres is generally unsuitable for production of farm crops or livestock. However, because it is (and historically has been) part of a 400 acre fenced seasonal grazing area and is of some value for grazing as part of that area, the 40 acres are not generally unsuitable for grazing purposes. Even lands with very limited value for agricultural use are not 'generally unsuitable for the production of farm crops and livestock,' within the meaning of ORS 215.213(3) and 215.283(3) and county regulations incorporating the language of those sections, where such lands are part of much larger agricultural operations which make it possible to make use of the limited resource value of the property."[1]

LUBA noted that the issue in this appeal is whether

---

[1] There was also a second basis for LUBA's remand, but that is not challenged here.

the 40 acres are generally unsuitable, not whether the larger tract as a whole is unsuitable. It explained:

"In view of our recent decision in *Smith v. Clackamas County,* ___ Or LUBA ___ (LUBA No. 89-156, May 15, 1990), construing language in ORS 215.283 that is nearly identical to that in LDO 218.060(1)(D), our direction that the county need only consider the suitability of the 40 acres may have been too narrow. However, our earlier decision was not appealed and, therefore, the issue on remand, as explained in our earlier decision, is whether the 40 acres proposed for mining are generally unsuitable for farm use."

We affirmed LUBA's *Smith* decision in *Smith v. Clackamas County,* 103 Or App 370, 797 P2d 1058 (1990).

The county and petitioners argue, among other things, that the 40-acre area itself is generally unsuitable for grazing, that the findings and the evidence amply demonstrate that fact and that the fact is not and cannot be altered by the suitability of the rest of the fenced area. We agree. The correct disposition of this case at the outset *might* have been to require the county to apply the general unsuitability test to the whole tract, not just the 40-acre proposed mining site. *See Smith v. Clackamas County, supra.* However, LUBA did not do so in the first appeal. It cannot now accomplish that result by indirection, by concluding that the suitability of the rest of the tract somehow revitalizes the grazing suitability of the 40 acres.[2]

We might agree with LUBA that an area that has little potential for agricultural use, and that would not be suitable standing alone, can sometimes be generally suitable if used together with surrounding agricultural land. For that "whole is greater than the sum of the parts" approach to work, however, the area must have some capability of supporting a cognizable level of farming activity. As we understand the county's findings, that is not true of this 40-acre area.

Reversed and remanded for further proceedings not inconsistent with this opinion.

---

[2] Given our disposition of this case, we need not decide whether the county's conditional use provision is subject to the same restrictive interpretation that LUBA and we applied to the linguistically similar ORS 215.283(3) in *Smith v. Clackamas County, supra.* However, LUBA and the county should give any appropriate consideration to *Smith* in their further proceedings.